IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARSBIA VAN TAYLOR,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **CASE NO. 2:07-cv-1315-SLB-RRA** |
| } | |
| **LT. SHARON McSWAIN,** } | |
| **CAPTAIN JOE TEW,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This lawsuit was filed by the plaintiff pro se pursuant to 42 U.S.C. § 1983 alleging that, because he provided legal assistance to other inmates, he was retaliated against in the form of improper segregation, deprivation of property, and infringement on his right to access to the courts. On February 27, 2008, the Magistrate Judge entered a Report and Recommendation recommending that plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). (Doc. 9.)[1] On March 26, 2008, Judge Robert B. Propst entered a Memorandum Opinion and an Order adopting the Magistrate Judge's Recommendation and dismissing plaintiff's claims pursuant to 28 U.S.C. § 1915A(b). (Docs. 11 and 12.) On April 25, 2008, plaintiff appealed the dismissal to the Eleventh Circuit Court of Appeals. (Doc. 13.)

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

On July 16, 2009, the Eleventh Circuit entered an Order affirming the district court's order in part and remanding the case for further proceedings. *Taylor v. McSwain*, 335 Fed. Appx. 32, 35 (11th Cir. 2009). The court affirmed the dismissal of plaintiff's segregation and right of access to courts claims. *Id*. However, the court held that the district court had erred in dismissing plaintiff's First Amendment claims without allowing plaintiff to amend his complaint. *Id*. The court also held that "the [district] court erred in relying on the availability of state remedies to dismiss [plaintiff's] deprivation of property claim because [plaintiff's] allegations plausibly suggest that said deprivation was in retaliation for his exercise of First Amendment rights." *Id.* On remand the case was referred to Magistrate Judge Robert R. Armstrong.

On November 12, 2009, plaintiff filed an Amended Complaint. (Doc. 30.) On November 23, 2010, defendants filed a Special Report, (doc. 38), which was construed by the Magistrate Judge as a Motion for Summary Judgment, (doc. 41).

On June 1, 2011, the Magistrate Judge entered a Report and Recommendation recommending that defendants' Motion for Summary Judgment be granted as to the plaintiff's claim that he was transferred to another prison in retaliation for helping fellow inmates with their legal work and denied as to plaintiff's claim that Lt. McSwain and Captain Tew confiscated or destroyed the plaintiff's personal property in retaliation for his work as a "jailhouse lawyer." (Doc. 43.)

On August 1, 2011, Judge Robert B. Propst adopted and accepted the Magistrate Judge's recommendation and dismissed with prejudice all claims except the aforementioned claims against Lt. McSwain and Captain Tew. (Doc. 44.)

On August 4, 2011, defendants McSwain and Tew filed a Second Motion for Summary Judgment. (Doc. 45.) This motion was denied by Judge Robert B. Propst on January 24, 2012. (Doc. 49.) Magistrate Judge Armstrong then entered an order allowing discovery. (Doc. 51.)

On September 18, 2012, the case was reassigned to the undersigned judge. (Doc. 58.) On October 12, 2012, the court set the case for a bench trial on January 22, 2013. (Doc. 59.) The case proceeded to trial on that date on plaintiff's claim that McSwain and Tew violated plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983 when they allegedly destroyed his personal property, including his legal papers and the legal work he was doing for other inmates, in retaliation for plaintiff working as a "jailhouse lawyer" and for testifying on behalf of another inmate. Upon consideration of the evidence in the case and the relevant law, and in accordance with Fed. R. Civ. P. 52 (a), the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

As noted, plaintiff claims that defendants destroyed his personal property, including his legal papers and the legal work he was doing for other inmates, in retaliation for plaintiff

having worked as a "jailhouse lawyer" and because he had testified on behalf of another inmate.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 US 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F. 2d 728, 730 (9th Cir. 1974).

On remand of this case from the Eleventh Circuit, the court stated:

> Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 32 L.Ed. 2d 393 (1984). However, where a prisoner claims a substantive deprivation of a constitutional right, such as a retaliation for exercising his legal right of access to the courts, the availability of state remedies provides no bar to federal court adjudication under § 1983. Hall v. Sutton, 755 F.2d 786, 787-788 (11th Cir. 1985).

*Taylor*, 335 Fed. Appx. at 34-35.

Here plaintiff contends that his property was destroyed due to his having served as a jailhouse lawyer and/or for testifying in a fellow inmate's case. The events leading up to the loss of plaintiff's property are not complicated.

Plaintiff testified that he was contacted in June 2006 by former United States Magistrate Judge Paul Greene about testifying in a hearing in July 2006 that would last one day. He said he was informed by Judge Greene that the hearing would take place either in the federal courthouse in Birmingham or at Donaldson Correctional Facility. He testified

4

that on June 26, 2006 he was told he was being transferred to Kilby Correctional Facility. He believed that this transfer was temporary until after the trial. Plaintiff testified that on the day of his transfer he was told to gather all of his possessions. He took his personal possession to McSwain to be inventoried. He says that McSwain told him to store his property somewhere while he was gone. He says he gave his legal work to a fellow inmate, Russell Epstein, who agreed to keep his papers for him.[2]

Although plaintiff believed he was going to court for only one day, he was not returned to Donaldson after testifying. Instead, he ended up at Kilby. From Kilby, he was transferred to Holman Prison. His personal possessions were not returned. He claims to have lost all of his trial transcripts, including the trial transcripts of three to five inmates, towels, tennis shoes, and an incentive package. He believes that he was retaliated against because of the "chronology" of events.[3]

Defendants' Exhibit 2, (DX 2), is the inventory property sheet dated June 28, 2006 completed when the plaintiff was transferred from Donaldson to Kilby. Plaintiff signed the form at the bottom of the page. There is a section of the document entitled "Stored Property," which provides as follows:

---

[2] Plaintiff testified that his property included the trial transcripts of about three to five inmates. He did not give this property to those inmates because he thought he would be gone only one day.

[3] The court assumes plaintiff means that, because the deprivation of his property occurred immediately after he had testified in a hearing for another inmate and during the time he was assisting other inmates with their legal work, the deprivation of his property occurred because of his testimony and his legal work.

> You have thirty (30) calendar days from the above date to dispose of the following items. You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity. If these items are not removed in thirty (30) days, they will be destroyed. Below are the items you are not authorized to keep.

(DX 2.)   The section is filled in as follows: "N/A;" in other words, no property is listed on the form. Plaintiff testified that this section was not filled out because he had received an order from McSwain that he should not inventory his extra belongings.

Tew testified that during 2006 he was employed at Donaldson as a correctional officer. He had no recollection of ever seeing plaintiff's property or of destroying it. He also testified that he would not, and did not, destroy any of plaintiff's property as a result of plaintiff's activities as a "jailhouse lawyer" for other inmates or as a result of plaintiff's testimony in his fellow inmate's case.

McSwain testified she had been employed by the Alabama Department of Corrections for 24 years. At the time in question, she worked on inmate control, including movement of inmates and their housing. She testified that she was not involved in the decision to transfer plaintiff from Donaldson to Kilby. She noted that the inventory property sheet she prepared for plaintiff, (DX 2), reflects the fact that Donaldson did not store any property for plaintiff. She further testified that she had no animosity towards Taylor, would not have retaliated against Taylor because he was a "jailhouse lawyer," did not know he was going to court for another inmate, and had no knowledge that he had left his property with inmate Epstein. Also, she testified that she was not responsible for any property left with another inmate and

that she would have told this to plaintiff. McSwain testified she does not know what happened to plaintiff's property.

The court credits plaintiff's testimony that, when he was transferred to Kilby from Donaldson in June of 2006, he left some property with another inmate. The court also credits his testimony that his property has not been returned. Defendants offered evidence of the standard operating procedure for the inmate property room. (DX 17.) Although plaintiff was entitled to call witnesses, he did not request that any inmate or former inmate witnesses be brought to court for trial.

Other than total speculation, the court finds there is no evidence that either defendant personally destroyed or directed others to destroy plaintiff's property. Moreover, there is absolutely no evidence that either defendant took any action towards the plaintiff, including any action with regard to his personal property, in retaliation for any legal help he may have provided to other inmates or his testimony in a fellow inmate's trial. In other words, no credible evidence was presented that plaintiff's property was taken in retaliation for the exercise of First Amendment rights. *Hall v. Sutton*, 755 F.2d 786, 787-88 (11th Cir. 1985).

The court also finds that defendants Tew and McSwain testified truthfully when they testified that they did not destroy any property of the plaintiff. Because the court finds that defendants did not destroy any property of the plaintiff, it will not discuss whether plaintiff's work as a jailhouse lawyer is speech or conduct protected by the First Amendment. *See Adams v. Jones*, 784 F.2d 1077, 1081 (11th Cir. 1986).

7

## **CONCLUSION**

Based on the above findings of fact, the court concludes that plaintiff has failed to establish a violation of a constitutional right. Plaintiff's claims are due to be dismissed and judgment will be entered in favor the defendants in accordance with this Opinion.

**DONE,** this 27th day of March, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE